**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maribel Rocha-Chacon,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CR-17-00436-RM-EJM<br><br>**ORDER** |

Pending before the Court is Movant Maribel Rocha-Chacon's ("Movant") pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1.)[1] On May 13, 2019, Movant filed two Motions for Status. (Docs. 3, 4.) On May 20, 2019, the Court issued an Order granting in part Movant's Motions for Status and requiring a response to the § 2255 Motion. (Doc. 5.) On August 15, 2019, the Government filed its Answer. (Doc. 9.) The deadline for filing a Reply has expired. For the following reasons, the Court will deny the § 2255 Motion.

**I. Background**

On January 24, 2017, at a port of entry in Nogales, Arizona, Border Patrol agents seized 53.8 kilograms of packaged methamphetamine from Movant's vehicle. (CR Doc. 73 at 3, 5.) The methamphetamine had a net weight without packaging of 47.4 kilograms and a purity of 99 percent, which constitutes "ice." (*Id.* at 5.) Pursuant to a written plea

---

[1] All record citations refer to the docket in the civil case, 19-cv-0079-RM, unless they are denoted CR, in which case they refer to the docket in the underlying criminal case, 17-cr-00436-RM (EJM). All record citations refer to the page numbers generated by the Court's electronic filing system.

agreement, Movant pled guilty to one count of Conspiracy to Possess with Intent to Distribute 50 grams or More of Methamphetamine. (CR Doc. 42.)

The Presentence Investigation Report ("PSR") identified a guideline imprisonment range of 168 to 210 months. (CR Doc. 73 at 9.) The plea agreement stipulated to a range of 108 to 135 months, which was a four-level downward departure from the advisory guideline range. (*Id.* at 10.) The parties then agreed in their sentencing memoranda that Movant should face a guideline range of 87 to 108 months. (CR Doc. 47 at 1-2; CR Doc. 75 at 3 n.1.) The PSR ultimately recommended 72 months in custody. (CR Doc. 73 at 13–14.) Defense counsel argued for a sentence of "no more than 24 months of incarceration." (CR Doc. 75 at 3.)

The Court granted a variance below the guideline range pursuant to Movant's role in the offense, specifically her "role as a courier." (CR Doc. 78 at 3.) Movant was ultimately sentenced to forty (40) months of incarceration and three years of supervised release. (CR Doc. 77.) The Court adopted the PSR's proposed Sentencing Guideline calculations, which were based on the lab report of 99 percent purity. (CR Doc. 78; CR Doc. 73 at 5.)

**II. Waiver**

In her written plea agreement, Movant agreed to waive "any right to collaterally attack" her "conviction and sentence under Title 28, United States Code, Section 2255." (CR Doc. 42 at 5.) She acknowledged that her waiver "shall result in the dismissal of any . . . collateral attack [she] might file challenging" her "conviction or sentence in this case." (*Id.* at 5-6.) Magistrate Judge Lynnette C. Kimmins held a change-of-plea hearing, found that Movant's guilty plea was knowingly and voluntarily made, and recommended that the guilty plea be accepted. (CR Docs. 41, 43.) Movant did not object to Judge Kimmins's findings and recommendation, and this Court accepted the guilty plea. (CR Doc. 44.)

With limited exceptions not relevant here, a defendant may waive the statutory right to bring a § 2255 motion if she knowingly and voluntarily signs a plea agreement that contains an express waiver of that right. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also United*

*States. v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009) (a "defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made" (internal quotation omitted)).

The Court finds that Movant waived her right to collaterally attack her conviction and sentence in a 28 U.S.C. § 2255 Motion. Based on that waiver, Movant's § 2255 Motion should be denied. However, because the Government did not make this argument in its Answer to the § 2255 Motion (*see* Doc. 8), the Court will also address the merits of the § 2255 Motion.

### III. Merits

In her Motion to Vacate, Set Aside, or Correct Sentence, Movant argues that her defense attorney provided ineffective assistance because he failed to argue that she should have been sentenced under the more lenient Guidelines for "mixture" of methamphetamine, rather than "actual" methamphetamine or "ice." (Doc. 1 at 4, 12–13.) Movant asserts a policy disagreement with the Guidelines' disparate treatment of mixture and ice, citing two recent cases from the Northern District of Iowa. Movant requests an evidentiary hearing and a sentence reduction. (Doc. 1 at 13.) The Government opposes the Motion. (Doc. 9.)

#### A. Applicable Law

The right to the effective assistance of counsel is rooted in the Sixth Amendment. U.S. Const. amend. VI. A convicted defendant asserting a claim of ineffective assistance of counsel ("IAC") must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. A "reasonableness" inquiry is based on the "facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. A defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689; *see also Kimmelman v.*

*Morrison*, 477 U.S. 365, 381 (1986) ("The defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."). Judicial scrutiny of counsel's performance is "highly deferential." *Strickland*, 466 at 689.

The defendant must also show that the deficient representation prejudiced her. *Id*. at 693. Prejudice results if "the reliability of the result of the proceedings" is undermined. *Id*. "It is not enough … to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. The defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Defense counsel's "failure to raise a meritorious argument at sentencing that might have significantly reduced [the defendant's] criminal history score" may constitute deficient performance. *Curry v. Palmateer*, 62 F. App'x 157, 158 (9th Cir. 2003) (mem.). An increase in a defendant's sentence resulting from error in a Sentencing Guidelines determination is sufficient to show prejudice. *Glover v. United States*, 531 U.S. 198, 204 (2001).

The Sentencing Guidelines are advisory only, and a district court has discretion to vary from the Guidelines. *See Spears v. United States*, 555 U.S. 261, 263 (2009) (citing *Kimbrough v. United States*, 552 U.S. 85 (2007)). District courts retain significant discretion in sentencing and consider many factors, in addition to the Guidelines, in making sentencing decisions. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1255, 1259 (11th Cir. 2015). "[W]hen district courts impose discretionary sentences . . . such a sentencing scheme will ordinarily raise no Sixth Amendment concern." *Rita v. United States*, 551 U.S. 338, 354 (2007).

**B. Discussion**

Movant has not met her burden under *Strickland* of showing that defense counsel's failure to argue for a sentence pursuant to the Guidelines for mixture rather than ice fell below an objective standard of reasonableness. Movant does not cite, nor has the Court

found, any authority requiring defense counsel to argue, or the Court to consider, the possibility of a policy disagreement with the Sentencing Guidelines. The record indicates that defense counsel vigorously advocated for Movant and ultimately obtained a sentence far below the guideline range and below the recommendation of the PSR. While counsel could conceivably have argued for a sentence pursuant to the Guidelines for mixture, his failure to do so was not unreasonable given the fact that the methamphetamine found in Movant's car was 99 percent pure. *See United States v. Lee*, 725 F.3d 1159, 1162, 1167 (9th Cir. 2013) (where all methamphetamine tested was below 80% purity, district court erred in sentencing defendant according to Guidelines for pure methamphetamine).

Even if defense counsel's failure to argue that Movant should have been sentenced under the Guidelines for mixture did somehow constitute deficient performance, Movant has not shown that, but for this error, the result of the proceeding would have been different. The net weight of the methamphetamine recovered from Movant's vehicle was 47.4 kilograms. Under the applicable Sentencing Guidelines, a base offense level of 38 applies to "45 KG or more of Methamphetamine" and "4.5 KG or more of Methamphetamine (actual)" or "Ice." U.S.S.G. § 2D1.1(c)(1). Because Movant possessed 47.4 kilograms of methamphetamine, a base offense level of 38 applied regardless of whether the drug was identified as mixture or pure for purposes of sentencing. Furthermore, the Court ultimately granted Movant a significant downward variance from the guideline range due to the particular facts and circumstances of her case.

The record conclusively demonstrates that Movant is entitled to no relief. Therefore, a hearing on the § 2255 Motion is unnecessary.

**IV.    Motion for Status**

On August 20, 2019, Movant filed a third Motion for Status. (Doc. 10.) The Court will grant the Motion for Status to the extent this Order informs Movant of the status of her case. In all other respects, the Motion for status will be denied.

. . . .

. . . .

- 5 -

**IT IS ORDERED:**

1. The Motion to Vacate Under 28 U.S.C. § 2255 (CR-17-00436-RM-EJM, Doc. 80) is **denied *nunc pro tunc* to October 8, 2019**.[2]

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 4th day of March, 2020.

_____
Honorable Rosemary Márquez
United States District Judge

---

[2] The civil case opened in connection with this matter, CV-19-00079-TUC-RM, was dismissed on October 8, 2019. The Motion to Vacate Under 28 U.S.C. § 2255 (CR-17-00436-RM-EJM, Doc. 80) should also have been denied on that day.